ROBBINS LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsllp.com
GREGORY E. DEL GAIZO (247319)
gdelgaizo@robbinsllp.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Counsel for Movant Steven Schulze and*
*[Proposed] Lead Counsel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALPERSTEIN, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:20-cv-11405-MCS-MAA |
| Plaintiff, | CLASS ACTION |
| v. | |
| SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL, | MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANT STEVEN SCHULZE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL |
| Defendants. | |
| LYNN POWERS, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:21-cv-00169-MCS-MAA |
| Plaintiff, | |
| v. | |
| SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL, | Judge: Hon. Mark C. Scarsi |
| Defendants. | Ctrm: 7C |
| | Date: March 22, 2021 |
| | Time: 9:00 a.m. |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   FACTUAL BACKGROUND...............................................................................2

III.  ARGUMENT......................................................................................................3

    A.    The Actions Should Be Consolidated for All Purposes........................3

    B.    Movant Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff.........................................................................4

        1.    Movant Has Timely Moved for Appointment as Lead Plaintiff 5

        2.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class.............................................................................5

        3.    Movant Satisfies the Requirements of Rule 23 .........................6

    C.    Movant's Selection of Lead Counsel Should Be Approved..................7

IV.   CONCLUSION...................................................................................................8

# TABLE OF AUTHORITIES

## CASES

*Hardy v. MabVax Therapeutics Holdings*,
No. 18-CV-01160-BAS-NLS, 2018 WL 4252345 (S.D. Cal. Sept. 6, 2018) ...................................................................................................... 6, 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ........................................................................ 6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
416 F. Supp. 161 (C.D. Cal. 1976) ............................................................. 4

*In re Titan*, *Inc. Sec. Litig.*,
No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005) ............................ 7

*Investors Research Co. v. United States Dist. Court for Cent. Dist.*,
877 F.2d 777 (9th Cir. 1989) ....................................................................... 3

*Steiner v. Aurora Foods Inc.*,
No. 00-602, 2000 U.S. Dist. LEXIS 20341 (N.D. Cal. Jun. 5, 2000) ........ 3

*Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*,
720 F. Supp. 805 (N.D. Cal. 1989) ............................................................. 3

## STATUTES, RULES & OTHER AUTHORITIES

15 U.S.C.
§78u-4(a)(1) ................................................................................................. 4
§78u-4(a)(3)(A)(i) ........................................................................................ 4
§78u-4(a)(3)(A)-(B) ..................................................................................... 4
§78u-4(a)(3)(B) ............................................................................................ 5
§78u-4(a)(3)(B)(i) ........................................................................................ 4
§78u-4(a)(3)(B)(ii) ....................................................................................... 3
§78u-4(a)(3)(B)(iii) .................................................................................. 2, 5
§78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................... 5
§78u-4(a)(3)(B)(iii)(I)(cc) ........................................................................... 6
§78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................... 7
§78u-4(a)(3)(B)(v) .................................................................................... 2, 7

Fed. R. Civ. P. 23(a)(3)-(4) ................................................................................. 6

Movant Steven Schulze ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (i) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of its selection of Robbins LLP as Lead Counsel for the Class.

## I.    INTRODUCTION

1.      Presently pending in this district are two securities class action lawsuits (the "Actions") on behalf of purchasers of Sona Nanotech Inc. ("Sona" or the "Company") securities during the period between July 2, 2020 and November 25, 2020, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  In particular, the Actions are:

| Case Name | Case Number | Date Filed |
| --- | --- | --- |
| *Alperstein v. Sona Nanotech Inc., et al.* | 2:20-cv-11405-MCS-MAA | December 17, 2020 |
| *Powers v. Sona Nanotech Inc., et al.* | 2:21-cv-00169-MCS-MAA | January 8, 2021 |

The Actions both name the same defendants.  Both Actions substantially overlap in the statements that plaintiffs in both Actions state are false and misleading.  Accordingly, the Court should consolidate the Actions.

Next, the Court should appoint Movant as Lead Plaintiff for the Actions.  The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the Exchange Act.  Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant: (i) making a timely motion under the PSLRA's sixty day deadline; (ii) who asserts the largest financial interest in the litigation; and (iii) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Movant meets these requirements, because: (i) he timely filed for appointment as Lead Plaintiff; (ii) to the best of his knowledge, Movant has the largest financial interest in this litigation; and (iii) Movant meets the applicable requirements under Rule 23.  *See id.*; *infra* Section III.B.

Finally, the Court should approve Movant's choice of Lead and Liaison Counsel. Movant has retained experienced and competent counsel.  As the "most adequate plaintiff" under the PSLRA, the Court should defer to Movant's selection of Robbins LLP as Lead Counsel for the class and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Sona, a Canadian corporation, with offices located in Halifax, Nova Scotia, Canada, purports to be engaged in researching and developing gold nanorod products for diagnostic test and medical treatment applications.  The Company's securities trade over-the-counter under the ticker symbol "SNANF."

On July 2, 2020, the Company issued a press release announcing positive results of its rapid detection COVID-19 antigen test and its development plan.

The Actions allege that throughout the Class Period, defendants made materially false and misleading statements to artificially inflate the Company's stock price. Specifically, defendants made false and/or misleading statements and/or failed to disclose that: (i) it was unreasonable for Sona to represent that it could receive results from field studies of its COVID-19 antigen test within a month; (ii) Sona's positive statements about its COVID-19 antigen test were unfounded as the U.S. Food and Drug Administration ("FDA") would deprioritize emergency use authorization ("EUA") approval of Sona's antigen test finding it did not meet "the public health need" criterion; (iii) it was unreasonable for Sona to believe that data gathered over such a short period of time would be sufficient for approval of its antigen test by either the FDA or Health Canada; (iv) Sona would have to withdraw its submission for Interim Order ("IO") authorization from Health Canada for the marketing of its COVID-19 antigen test as it lacked sufficient clinical data to support approval; and (v) as a result, defendants' statements about its

- 2 -

business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On August 6, 2020, the Company published a press release providing an update on the status of its COVID-19 antigen test and stating there would be a delay in results. On this news, shares of Sona fell $3.09 per share, or over 34%, to close at $5.91 per share on August 6, 2020, damaging investors.

On October 29, 2020, the Company issued a press release announcing that the FDA deprioritized its EUA review of Sona's COVID-19 antigen test.  On this news, shares of Sona fell $2.77 per share, or over 48%, to close at $3 per share on October 29, 2020, damaging investors.

On November 25, 2020, the Company issued a press release announcing that it withdrew its application of IO authorization from Health Canada for its COVID-19 antigen test.  On this news, shares of Sona fell $1.56 per share, or over 67%, to close at $0.74 per share on November 25, 2020, damaging investors.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).  Under Rule 42(a) of the Federal Rules of Civil Procedures ("Rule 42"), consolidation is appropriate where the actions involve "common questions of law or fact." *Sw. Marine, Inc. v. Triple a Machine Shop, Inc.*, 720 F. Supp. 805, 806 (N.D. Cal. 1989).   This Court has broad discretion under Rule 42(a) to consolidate cases. *Investors Research Co. v. United States Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Steiner v. Aurora Foods Inc.*, No. 00-602, 2000 U.S. Dist. LEXIS 20341, at *7 (N.D. Cal. Jun. 5, 2000).

Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial

proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings and minimizes the expenditure of time and money for all parties involved. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Consolidation also reduces the confusion and delay that may result from prosecuting related class action cases separately. *See id*.

Here, as noted above, there are at least two related securities class actions pending in this District on behalf of investors who purchased Sona common stock during the Class Period. The Actions allege substantially similar claims, against substantially similar parties, over substantially similar Class Periods. Accordingly, consolidation is appropriate under Rule 42(a).

**B.  Movant Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff**

After consolidation, the PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in PRNewswire on December 17, 2020. *See* Declaration of Gregory E. Del Gaizo in Support of Motion of Movant Steven Schulze for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Del Gaizo Decl."), Exhibit A, filed concurrently herewith. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

- 4 -

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

(aa)   has either filed the complaint or made a motion in response to a notice ... ;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1.    Movant Has Timely Moved for Appointment as Lead Plaintiff

The notice published in this action informed class members that the deadline to move for appointment as Lead Plaintiff was sixty days from December 17, 2020. *See* Del Gaizo Decl., Exhibit A.  As this motion is being filed on February 16, 2021, it is timely. Thus, Movant has complied with the PSLRA's first requirement and is entitled to be considered for appointment as Lead Plaintiff.

### 2.    Movant Has the Requisite Financial Interest in the Relief Sought by the Class

To be eligible for the "most adequate plaintiff" presumption, a movant must also possess the "largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

Movant purchased the Company's stock pursuant to the materially false and misleading statements and suffered losses of $130,081.46 in connection with his purchase

- 5 -

of Zona stock.  *See* Del Gaizo Decl., Exhibit C.  To the best of Movant's counsel's knowledge, Movant's financial interest in this matter is the largest of any known lead plaintiff movants.  Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    Movant Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).

At this stage of litigation, the movant "need only make a prima facie showing of its typicality and adequacy."  *Hardy v. MabVax Therapeutics Holdings*, No. 18-CV-01160-BAS-NLS, 2018 WL 4252345, at *6 (S.D. Cal. Sept. 6, 2018) (quotation omitted). Only a preliminary showing of typicality and adequacy is required.  This is because once a court determines which plaintiff has the largest financial interest, "the court must appoint that plaintiff as lead, unless it finds that [plaintiff] does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

"The typicality requirement asks whether the presumptive lead plaintiff has suffered the same or similar injuries as absent class members as a result of the same conduct by the defendants and are founded on the same legal theory." *MabVax*, 2018 WL 4252345, at *6.  Here, Movant satisfies the typicality requirement for purposes of selecting Lead Plaintiff because, like other class members, he: (i) purchased Zona securities during the Class Period; (ii) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (iii) thereby suffered damages.  Thus, Movant's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Movant is also an adequate Lead Plaintiff.  "The two primary adequacy inquiries are (1) whether there are conflicts of interest between the proposed lead plaintiff and the class and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class." *Id.* at *7.  Here, Movant is an adequate Lead Plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements.  There is no antagonism between Movant's interests and those of the other members of the class and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the class.  In addition, Movant has submitted a certification detailing its investments in Zona during the Class Period and confirming his willingness to discharge the obligations of class representatives in the Action.  *See* Del Gaizo Decl., Exhibit B.

In addition, as described below, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the class.  All of these factors sufficiently evidence Movant's satisfaction of the Rule 23 requirements and capacity and willingness to serve as Lead Plaintiff.

## C.    Movant's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Movant has selected Robbins LLP to serve as Lead Counsel.

Robbins LLP is a nationally recognized shareholder rights firm focusing its practice on complex shareholder litigation.  *See* Del Gaizo Decl., Exhibit D.  Robbins LLP attorneys have secured impressive recoveries in shareholder rights' actions.  For example, Robbins LLP served as Lead Counsel in the securities fraud class action *In re Titan, Inc. Sec. Litig.*, No. 04-CV-0676-LAB (NLS) (S.D. Cal. Dec. 20, 2005), which settled for $61.5 million.

- 7 -

Based on these qualifications, the Court may be assured that the members of the class will receive the highest caliber of legal representation available from Robbins LLP if this motion is granted.  Accordingly, Movant's selection of counsel should be approved.

## IV.    CONCLUSION

The two related Actions before the Court are substantially similar and should be consolidated.  In addition, Movant has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff.  As such, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of Robbins LLP Lead Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: February 16, 2021

Respectfully submitted,

ROBBINS LLP
BRIAN J. ROBBINS
GREGORY E. DEL GAIZO

s/Gregory E. Del Gaizo
GREGORY E. DEL GAIZO

5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
gdelgaizo@robbinsllp.com

*Counsel for Movant Steven Schulze and [Proposed] Lead Counsel*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 16, 2021.

s/Gregory E. Del Gaizo
GREGORY E. DEL GAIZO

1510404

- 9 -