**ROCHE CYRULNIK FREEDMAN LLP**
Ivy T. Ngo (249860)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
Constantine P. Economides (*pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Facsimile: (646) 392-8842
Emails: ingo@rcfllp.com
        vel@rcfllp.com
        ceconomides@rcfllp.com

*Counsel for Movant Meridian Media Ventures Inc. and
Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALPERSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL,<br><br>Defendants. | No.:  2:20-cv-11405-MCS-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>CLASS ACTION<br>JUDGE: Mark C. Scarsi<br>Hearing Date: March 22, 2021<br>Time: 9:00 a.m.<br>CTRM: 7C – First Street Courthouse |
| LYNN POWERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL,<br><br>Defendants. | No. 2:21-cv-00169-MCS-MAA |

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN
MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

Pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Federal Rule of Civil Procedure ("Rule") 42(a), movant Meridian Media Ventures Inc. ("Movant") respectfully submits this Memorandum of Law in Support thereof its Motion for: (1) Consolidation of the above-captioned related actions; (2) Appointment of Movant as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons or entities who purchased or otherwise acquired the securities of Sona Nanotech Inc. ("Sona" or the "Company") between July 2, 2020 and November 25, 2020, inclusive (the "Class Period"); and (3) Approval of Movant's selection of Roche Cyrulnik Freedman LLP ("RCF") as Lead Counsel for the Class.

## I.   PRELIMINARY STATEMENT

Currently pending before this Court are two securities class action lawsuits (the "Related Actions") alleging that Defendants violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC"). ¶1.[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. See 15 U.S.C. § 78u-4(a)(3)(B)(ii). As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common – if not identical – legal and factual questions.

After deciding consolidation, the Court must appoint as Lead Plaintiff, the class member it "determines to be most capable of adequately representing the interests of the class members." See 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). The PSLRA also

---

[1] The Related Actions are: (1) *Alperstein v. Sona Nanotech Inc. et al.,* No. 2:20-cv-11405 ("*Alperstein*"), filed on December 17, 2020; and (2) *Powers v. Sona Nanotech Inc. et al.,* No. 2:21-cv-00169 ("*Powers*"), filed on January 8, 2021. For purposes of this motion, references to ¶ are to the Class Action Complaint for Violations of the Federal Securities Laws filed in *Alperstein*, ECF No. 1.

1

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

creates a rebuttable presumption that the "most adequate plaintiff" is the person or persons that possesses the "largest financial interest" in the outcome of the litigation and who otherwise satisfies the requirements of Rule 23. *Id.*

Movant believes it has the largest financial interest in the outcome of this litigation because during the Class Period, it lost approximately $316,476 due to the alleged fraud. *See* Declaration of Ivy T. Ngo ("Ngo Decl."), Exes. A-B. Moreover, Movant satisfies the Rule 23 requirements because its claims are typical of the Class's claims, and it will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, Movant's selection of RCF to serve as Lead Counsel should be approved as RCF possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions, (2) appoint Movant as Lead Plaintiff, and (2) approve RCF as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated pursuant to Rule 42(a);

2. Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve Movant's selection of RCF as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III. FACTUAL BACKGROUND

Sona purports to be engaged in researching and developing gold nanorod products for diagnostic test and medical treatment applications. ¶ 7.

The Class Period begins on July 2, 2020 when the Company issued a press release announcing positive results of its rapid detection COVID-19 antigen test and its development plan. ¶ 15. However, Defendants' statements during the Class Period

2

were materially false and/or misleading because they misrepresented and/or failed to disclose that: (1) it was unreasonable for Sona to represent that it could receive results from field studies of its COVID-19 antigen test within a month; (2) Sona's positive statements about its COVID-19 antigen test were unfounded, as confirmed when the FDA deprioritized Emergency Use Authorization ("EUA") approval of Sona's antigen test because it did not meet "the public health need" criterion; (3) it was unreasonable for Sona to believe that data gathered over such a short period of time would be sufficient to obtain approval of its antigen test by either the FDA or Health Canada; (4) Sona lacked sufficient clinical data to support approval, as confirmed when it had to withdraw its submission for Interim Order ("IO") authorization from Health Canada for the marketing of its COVID-19 antigen test; and (5) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. ¶ 16.

On August 6, 2020, the Company issued a press release providing an update on the status of its COVID-19 antigen test and stated there would be a delay in results. ¶ 17. On this news, the price of Sona shares fell $3.09 per share, or over 34%, to close at $5.91 per share that day. ¶ 18. In another press release issued on October 29, 2020, Sona announced that the FDA deprioritized its EUA review of the Company's COVID-19 antigen test. ¶ 19. On this news, Sona shares fell $2.77 per share, or over 48%, to close at $3.00 per share that day. ¶ 20. Then, on November 25, 2020, Sona announced the withdrawal of its application for IO authorization from Health Canada for its COVID-19 antigen test. ¶ 21. On this news, Sona shares fell $1.56 per share, or over 67%, to close at $0.74 per share that day. ¶ 22.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's shares, Plaintiff and the other Class members have suffered significant losses and damages. ¶ 23.

3

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

## IV.   ARGUMENT

### A.   The Related Actions should be consolidated.

Consolidation of related cases is proper where, as here, the actions "involve a common question of law or fact" such that consolidation would avoid unnecessary cost, delay and overlap in adjudication. Fed. R. Civ. P. 42(a). The PSLRA contemplates consolidation where "more than on action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Therefore, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

The Related Actions at issue here present nearly identical factual and legal issues, allege identical claims on behalf of an identical class involving an identical class period, and name identical defendants. *See generally Alperstein*, ECF No. 1 and *Powers*, ECF No. 1. Accordingly, the Related Actions should be consolidated. *See Weisz v. Calpine Corp.*, 2002 WL 32818827, at *2-3 (N.D. Cal. Aug. 19, 2002) (consolidating cases alleging claims under the Exchange Act and the Securities Act of 1933).

### B.   The Court should appoint Movant as Lead Plaintiff.

Within the first 20 days of filing suit, the PLSRA requires the plaintiff in the first filed class action to publish a notice in a widely circulated national business publication or wire service that advises potential class members the action is pending and that they have a right to move for lead plaintiff in 60 days. 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN
MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice [ ];

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as Lead Plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class. Movant also satisfies the Rule 23 requirements of typicality and adequacy, and as a result, should be appointed Lead Plaintiff in this Action.

### 1. Movant filed a timely motion.

Within 20 days of filing the first-filed *Alperstein* complaint (*i.e.,* on December 17, 2020), Plaintiff Kevin Alperstein published the required notice through *PR Newswire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Ngo Decl., Ex. E. Movant timely filed its motion within the next 60 days, *i.e.,* by February 16, 2021. 15 U.S.C. § 78u-4(a)(3)(A)(i). Movant has filed herewith a PSLRA certification and declaration attesting that it is willing to serve as Lead Plaintiff of the Class and remains willing to provide testimony at deposition

5

and trial, if necessary. *See* Ngo Decl. Exes. A, C. Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff of the Class.

**2.   Movant has the largest financial interest in the relief sought.**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and thus is presumably the most adequate plaintiff to serve as Lead Plaintiff.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. §78u-4(e).

During the Class Period, Movant: (1) purchased 115,000 shares of Sona securities; (2) retained 29,300 net shares; (3) expended $803,676 in net funds; and (4) suffered substantial losses of approximately $316,476 as a result of Defendants' alleged fraudulent statements. *See* Ngo Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff who have a larger financial interest and also satisfy Rule 23.

**3.   Movant satisfies typicality and adequacy under Rule 23.**

In addition to demonstrating the largest loss, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

6

U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) sets forth the following four requirements:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At this stage of litigation, when making a determination regarding movant's satisfaction of Rule 23, the Court need not raise its inquiry to the level required when ruling on a motion for class certification; instead, a *prima facie* showing is sufficient. *Osher v. Guess?, Inc.*, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). Further, at this stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . ." and "[e]xamination of the remaining requirements [of Rule 23 are] deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, Inc., No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002)).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. A plaintiff satisfies the typicality requirement if the plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of the other class members and the claims are based on the same legal theory. *See Osher,* 2001 WL 861694, at *4. Under Rule 23, a lead plaintiff's "claims are typical 'if they are reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (*quoting Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998)).

In this case, the typicality requirement is met because Movant's claims are

7

typical, if not identical, to the other members of the putative class. *Id.* Further, there is nothing to indicate that Movant's claims conflict with those of the putative class or that it is subject to unique defenses. *See id.* Movant, like the other members of the Class, acquired Sona securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members and its losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### b) Movant is an Adequate Representative for the Class.

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of a proposed lead plaintiff to whether "counsel for the class is qualified and competent, the representative's interests are not antagonistic of the interests of absent class members, and its it unlikely that the action is collusive." *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.,* No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Movant has met both of the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative class. *See* Ngo Decl. Exes. A-D. Specifically, Movant has demonstrated, *supra*, its significant interest in the outcome of the case; Movant has no reason to believe that its interests are adverse to those of the punitive class members; Movant has retained counsel who, as shown below, is experienced in litigating lawsuits such as this Action; and Movant submits its choice of Counsel to the Court for approval.

Accordingly, at this stage of the proceedings, Movant has made the preliminary

8

showing necessary to satisfy the typicality and adequacy requirements of Rule 23; has sustained the largest amount of losses from Defendants' alleged wrongdoing; and has timely filed its motion. Thus, Movant has satisfied the requirements for the presumption of lead plaintiff and as such, should be appointed to represent the putative Class in this Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

### C.   Movant's Choice of Counsel Should be Approved.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See Yanek,* 2004 WL 5574358, at *7. The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class." § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Osher,* 2001 WL 861694, at *4.

The record confirms that Movant's selection of counsel should be approved; RCF is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Ngo Decl., Ex. D.

Most recently, RCF was appointed, and is serving as, Lead Counsel in the following securities fraud class actions: *Garcia v. J2 Global, Inc. et al.,* No. 2:20-cv-06096 (C.D. Cal.); *Burnham v. Qutoutiao Inc. et al.,* No. 1:20-cv-06707 (S.D.N.Y.); and *Chapman v. Fennec Pharma Inc. et al.*, No. 1:20-cv-812 (M.D.N.C.). RCF has also been appointed, and is serving, as Co-Lead Counsel in the following securities fraud class action cases: *Clifford et al. v. Tron Found. et al.*, No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.*, No. 1:20-cv-02807 (S.D.N.Y.); *Zhang v. Civic Techs., Inc. et al.*, No. 1:20-cv-02811 (S.D.N.Y.); *Clifford v. Status Research and Development GmbH et al.*, No. 1:20-cv-02815 (S.D.N.Y.); *Williams et al. v. HDR Global Trading Ltd et al.*, No. 1:20-cv-02805 (S.D.N.Y.); *Clifford v. KayDex Pte. Ltd. et al.*, No. 1:20-cv-02812 (S.D.N.Y.); *Zhang v. BProtocol Found., et al.*, No. 1:20-cv-02810 (S.D.N.Y.); *Lee et al. v. Binance et al.,* No. 1:20-cv-02803 (S.D.N.Y.);

9

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

*Williams v. Quantstamp, Inc. et al.*, No. 1:20-cv-02813 (S.D.N.Y.); *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.); *Lowry v. RTI Surgical Holdings, Inc. et al.*, No. 1:20-cv-01939 (N.D. Ill.); and *Hartel v. Geo Group, Inc. et al.*, No. 9:20-cv-81063 (S.D. Fla.). Additionally, RCF has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. iFinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, RCF's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Ngo Decl., Ex. D. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions and/or have clerked for federal judges sitting in the Northern District of California, Southern District of New York, Eastern District of New York, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, District of Connecticut, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United States Supreme Court. *See id.*

Movant respectfully submits that this wealth of experience and qualifications demonstrates RCF's ability to provide the highest caliber of representation to the Class.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of RCF as Lead Counsel for the putative class; and (4) grant such other relief as the Court may deem just and proper.

Dated: February 16, 2021          Respectfully Submitted,

**ROCHE CYRULNIK FREEDMAN LLP**

*/s/ Ivy T. Ngo*
Ivy T. Ngo (249860)

10

Velvel (Devin) Freedman (*pro hac vice* forthcoming)
Constantine P. Economides *(pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: ingo@rcfllp.com
        vel@rcfllp.com
        ceconomides@rcfllp.com

*Counsel for Movant Meridian Media Ventures Inc. and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Movant Meridian Media Ventures Inc.*

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 16, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:    */s/ Ivy T. Ngo*
         Ivy T. Ngo

MEMO OF P&As ISO MTN FOR CONSOL OF RLTD ACTNS, APPTMNT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLNTFF AND APPRVL OF SLCTN OF LEAD CNSL