**ROCHE FREEDMAN LLP**
Ivy T. Ngo (249860)
Velvel (Devin) Freedman (*pro hac vice* forthcoming)
Constantine P. Economides (*pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Facsimile: (646) 392-8842
Emails: ingo@rcfllp.com
    vel@rcfllp.com
    ceconomides@rcfllp.com

*Counsel for Movant Meridian Media Ventures Inc. and
Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALPERSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL<br><br>     Defendants. | No. 2:20-cv-11405-MCS-MAA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MERIDIAN MEDIA VENTURES INC.'S MOTION, AND IN OPPOSITION TO COMPETING MOTIONS, FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>CLASS ACTION<br>JUDGE: Mark C. Scarsi<br>Hearing Date: March 22, 2021<br>Time: 9:00 a.m.<br>CTRM: 7C – First Street Courthouse |
| LYNN POWERS, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL,<br><br>     Defendants. | No. 2:21-cv-00169-MCS-MAA |

Movant Meridian Media Ventures Inc. ("Meridian")[1] respectfully submits this Memorandum of Points and Authorities in further support of its motion for consolidation of the Related Actions, appointment as Lead Plaintiff, and Approval of Roche Freedman LLP ("Roche Freedman")[2] as Lead Counsel (ECF No. 27), and in opposition to the competing motions filed by the Rosen Law Firm, P.A. on behalf of Steven Schulze ("Mr. Schulze") (ECF No. 19); Robbins LLP, on behalf of Mr. Schulze (ECF No. 23); and Pomerantz LLP, on behalf of Vatter Investment Partners and Slice of Pie, LLC (the "Sona Investor Group") (ECF No. 31).[3]

## I.   PRELIMINARY STATEMENT

All competing movants support consolidation of the Related Actions. *See* ECF Nos. 19, 23, 27, 31.

Meridian has the largest financial interest in this Action by virtue of the $316,476 loss it incurred on its Class Period purchases of Sona securities, which is more than double the loss of any other competing movant.[4] Meridian's substantial financial interest, along with its *prima facie* showing of adequacy and typicality, entitles Meridian to the strong presumption that it is the "most adequate plaintiff" to lead the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

In support of Meridian's adequacy and typicality, its President, Anas Ghanim

---

[1] Unless otherwise noted, all emphasis added, internal citations omitted, and capitalized terms used, but not defined, herein shall have the meanings ascribed in Meridian's Memorandum of Points and Authorities in support of the Motion (ECF No. 28).

[2] Roche Freedman, formerly known as Roche Cyrulnik Freedman LLP, has changed its name as Mr. Cyrulnik is no longer associated with the firm. No other changes to firm structure, management, or staffing have occurred.

[3] On February 17, 2021, the Rosen Law Firm, P.A. filed a Notice of Withdrawal of its lead plaintiff motion for Mr. Schulze. *See* ECF No. 35.

[4] See *intra* comparison of competing movants' financial interests, § II.A.

1

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

Aljumaily ("Mr. Aljumaily"), provided a declaration attesting that, due to its substantial losses, Meridian is "highly motivated to recover the substantial losses that it and the proposed class suffered as a result of defendants' violations of the federal securities laws" and "is committed to achieving the best possible recovery for the Class," and if appointed as Lead Plaintiff, "will monitor and direct the efforts and activities of its proposed Lead Counsel to ensure that the litigation is handled efficiently." See ECF No. 29-3, ¶¶ 4, 6-7. In addition, since a corporation must act through natural persons, Mr. Aljumaily provided a sworn declaration that provides background information related to himself and Meridian. *Id.* at ¶¶ 2-3. Meridian is free of conflict and has further demonstrated its adequacy by selecting Roche Freedman, a firm with extensive experience and expertise in securities fraud and other class actions, as proposed Lead Counsel. *See* ECF Nos. 28 (§ IV.C.), 29-4.

Under the PSLRA, the statutory presumption attached to Meridian may be rebutted "only upon **_proof_** by a member of the purported plaintiff class" showing that Meridian (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II). No such "proof" exists, and mere "speculative assertions are insufficient to rebut the presumption." *See Andrade v. Am. Apparel, Inc.,* No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *11 (C.D. Cal. Mar. 15, 2011). Accordingly, Meridian's Motion should be granted in its entirety, and the competing motions should be denied.

## II.    MERIDIAN IS THE MOST ADEQUATE PLAINTIFF

With the largest financial interest and a preliminary showing of its adequacy and typicality, Meridian is the presumptive Lead Plaintiff under the PSLRA.

### A.    Meridian has the largest financial interest.

The PSLRA does not specify how to assess which movant has the "largest

financial interest," and the Ninth Circuit has left it to the district courts to "select accounting methods that are both rational and consistently applied" in making this determination. *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). "District courts have typically considered the 'Olsten–Lax' factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (collecting cases). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Id.*

Of the competing movants, Meridian has the largest financial interest in this Action by virtue of the $316,476 of losses it incurred on its Class Period purchases of Sona securities.[5] Specifically, Meridian's loss is more than double the loss of any of the other movants. *See* ECF Nos. 21-3, 25-3, 29-3, 33-1. Moreover, as demonstrated

---

[5] Before the date on which Meridian sought to be appointed Lead Plaintiff, Mr. Aljumaily properly executed an assignment transferring "all rights, title and interest in any and all claims, demands, and causes of action of any kind whatsoever which [he] ha[s] or may have from violations under the federal securities laws of the United States of America in connection with the purchase of Sona securities" to Meridian. ECF No. 29-3, ¶ 2. Assignments of claims are expressly permitted by the Supreme Court. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 279-285 (2008) (finding assignee of legal claim for money has standing to sue in federal court, even when assignee has promised to give all litigation proceeds back to assignor). And district courts routinely accept assignments when choosing and/or appointing lead plaintiffs. *See Markette v. XOMA Corp.*, No. 15-CV-03425-HSG, 2016 WL 2902286, at *4 (N.D. Cal. May 13, 2016); *Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2013 WL 6354597, at *3 (N.D. Cal. Dec. 3, 2013); *Taylor v. Barnes & Noble, Inc.*, No. 14-CV-108 (KMW) (FM), 2014 WL 12769396, at *n.2 (S.D.N.Y. July 16, 2014); *Soto v. Hensler*, 235 F. Supp. 3d 607, 622 (D. Del. 2017).

3

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

by the chart below, no other movant has a financial interest greater than Meridian based on *any* of the four factors identified above:

| Movant | Shares Purchased | Retained Shares | Net Funds Expended | Approximate Losses |
|---|---|---|---|---|
| **Meridian** | 115,000 | 29,300 | $803,676 | $316,476 |
| **Sona Investor Group** | | | | |
| *Vatter Invstmnt Prtnrs* | 15,900 | 15,900 | $107,126 | $85,448 |
| *Slice of Pie, LLC* | 12,373 | 12,373 | $90,347 | $68,610 |
| Aggregated: | 28,273 | 28,273 | $197,473 | $154,058 |
| **Mr. Schulze** | ~~21,266~~ | ~~21,266~~ | ~~$148,569.13~~ | ~~$130,151.40~~ |
| **Mr. Schulze** | 21,266 | 21,266 | $143,536.70 | $130,081.46 |

As such, Meridian is the movant with the "largest financial interest" in the litigation, the most incentivized to act as a vigorous advocate on behalf of the Class, and, therefore, the presumed Lead Plaintiff pursuant to the PSLRA.

**B.    Meridian satisfies Rule 23 adequacy and typicality requirements.**

In addition to demonstrating the largest financial interest, Meridian has made a *prima facie* showing sufficient to satisfy typicality and adequacy under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020) ("A wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration on a motion for class certification.").

First, Meridian's claims are typical of (if not identical to) the claims of the other Class members. Typicality pursuant to Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Waterford Twp. Police v. Mattel, Inc.,* No. 17-cv-04732 VAP(KSx), 2017 WL 10667732, at *6 (C.D. Cal. Sept. 29, 2017). Specifically, "the typicality inquiry is intended to determine whether the lead plaintiff has incentives that are aligned with the rest of the class members." *Id.*

4

Meridian, like the other Class members, acquired Sona securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged when the truth was revealed. *See* ECF No. 29-1. As such, Meridian suffered losses similar to those of other Class members, and its losses resulted from Defendants' alleged common course of wrongful conduct.

Second, Meridian has met the requirement to fairly and adequately protect the interests of the putative Class. In determining the adequacy of a lead plaintiff, the Court asks two questions: "(1) do[es] the named plaintiff[] and their counsel have any conflicts of interest with other class members and (2) will the named plaintiff[] and their counsel prosecute the action vigorously on behalf of the class?" *Waterford,* 2017 WL 10667732, at *6.

Meridian is unaware of any conflict between its interests and the interests of the Class. Mr. Aljumaily declared that his Class Period purchases of Sona securities, now assigned to Meridian, were purchased "based on [his] analysis of the Company and its business, operations and prospects" (ECF No. 29-3 ¶ 2), and Meridian "agrees not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond its pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court" (ECF No. 29-1 ¶ 8). *See id.* ("Here, it appears that Castro's interests do not conflict with the interests of the class members. He has stated that he did not make his stock purchase simply for purposes of participating in the litigation and 'will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court.'"). And as demonstrated *supra*, Meridian has a significant interest in the outcome of this litigation, which is a class action where Class members all rely on the same statements and omissions by Defendants, and thus

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

has a strong interest in vigorously prosecuting this Action on behalf of the Class. *See* ECF No. 29-3 ¶ 4 ("[Meridian] has incurred substantial losses on the investments in Sona securities. As such, [Meridian] is highly motivated to recover the significant losses that it and the proposed class suffered as a result of defendants' violations of the federal securities laws.").

In addition to Meridian's large financial interest, its selection of Roche Freedman, a firm with significant experience litigating securities fraud class actions, as proposed Lead Counsel for the Class, further reflects Meridian's ability to adequately represent the Class. *See* ECF No. 29-4. Meridian retained Roche Freedman only after careful consideration and negotiation of a retention agreement, including a cap of the attorney's fees on behalf of the proposed Class. *See* ECF No. 29-3, ¶ 10; *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)) (considering "the process through which the lead plaintiff selected its candidates for and final choice of lead counsel").

Moreover, Mr. Aljumaily has the sophistication and willingness necessary to effectively oversee counsel in this case, and he has committed to doing so. *See* ECF No. 29-3, ¶ 8 ("[Meridian] will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations."). These facts satisfy the adequacy requirement.

## III. THE PRESUMPTION THAT MERIDIAN IS THE MOST ADEQUATE PLAINTIFF CANNOT BE REBUTTED

Possessing the greatest financial interest in this litigation and having made a *prima facie* showing of adequacy and typicality under Rule 23, Meridian is presumptively the most adequate plaintiff pursuant to the PSLRA. To overcome this presumption that Meridian should be appointed as Lead Plaintiff, the PSLRA requires

6

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

competing movants offer "***proof***" that Meridian is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Osher v. Guess?, Inc.,* No. CV01-008711GB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("Remaining class members present no evidence to rebut the presumption."); *Waterford,* 2017 WL 10667732, at *7 (rejecting criticisms of solicitation notices sent out by presumptive lead plaintiff's counsel as proof, finding "no evidence that this solicitation would have any bearing on Castro's ability to serve as lead plaintiff in this case").

No such proof exists; any arguments to the contrary should be flatly rejected.

## IV.  MERIDIAN'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher*, 2001 WL 861694, at *4. The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Meridian has selected and retained Roche Freedman as proposed Lead Counsel. Roche Freedman has the resources and expertise to litigate this action efficiently and aggressively. *See* ECF No. 29-4; *see also* Opinion & Order, *Burnham v. Qutoutiao Inc. et al.,* No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020), ECF No. 22 (appointing Roche Freedman to serve as sole lead counsel in the securities fraud class action alleging §§ 10(b) and 11 claims upon finding that "its attorneys appear appropriately 'qualified, experienced, and generally able to conduct the litigation.'"). Thus, the Court may be assured that by approving Meridian's selection of counsel, the members of the Class will receive excellent legal representation.

## V.  ALL COMPETING MOTIONS SHOULD BE DENIED

None of the competing movants possess a financial interest that is larger than Meridian, *see supra* at II.A., and there is no proof to rebut the presumption established

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

by Meridian's largest loss and *prima facie* showing of adequacy and typicality, *see supra* at III. Accordingly, the competing motions should be denied. *See May v. KushCo Holdings, Inc.,* No. 8:19-cv-00798-JLS-KES, 2019 WL 9633651, at *4 (C.D. Cal. Sept. 5, 2019).

## VI.    CONCLUSION

For the reasons set forth above, and in its opening papers, Meridian respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Meridian as Lead Plaintiff; (3) approve Meridian's selection of Roche Freedman as Lead Counsel; and (4) deny all competing motions for appointment as Lead Plaintiff.


Dated: March 1, 2021                            Respectfully Submitted,

                                                **ROCHE FREEDMAN LLP**

                                                */s/ Ivy T. Ngo*
                                                Ivy T. Ngo (249860)
                                                Velvel (Devin) Freedman (*pro hac vice* forthcoming)
                                                Constantine P. Economides *(pro hac vice* forthcoming)
                                                200 South Biscayne Boulevard
                                                Miami, Florida 33131
                                                Telephone: (305) 971-5943
                                                Emails: ingo@rcfllp.com
                                                        vel@rcfllp.com
                                                        ceconomides@rcfllp.com

                                                *Counsel for Movant Meridian Media Ventures Inc. and Proposed Lead Counsel for the Class*

                                                **THE SCHALL LAW FIRM**
                                                Brian Schall (290685)
                                                1880 Century Park East, Suite 404
                                                Los Angeles, CA 90067
                                                Telephone: (424) 303-1964
                                                Email: brian@schallfirm.com

8

*Additional Counsel for Movant Meridian Media Ventures Inc.*

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 1, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

By:   */s/ Ivy T. Ngo*
      Ivy T. Ngo

MEM. OF P. & A. IN FURTHER SUPP. OF MERIDIAN MEDIA VENTURES INC.'S MOT., AND IN OPP'N TO COMPETING MOTS., FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNSEL