UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALPERSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL,<br><br>Defendants. | Case No. 2:20-cv-11405-MCS-MAA<br>Related Case No. 2:21-cv-00169-MCS-MAA<br><br>**ORDER GRANTING CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF MERIDIAN MEDIA VENTURES INC. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL** |
| LYNN POWERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONA NANOTECH INC., DAVID REGAN, and ROBERT RANDALL,<br><br>Defendants. | |

On December 17, 2020, Plaintiff Kevin Alperstein ("Alperstein") filed this securities class action individually and on behalf of others who "purchased or otherwise acquired the publicly traded securities of Sona between July 2, 2020 and November 25, 2020." Alperstein Compl. ¶ 1, ECF No. 1. On January 8, 2021, Plaintiff Lynn Powers also filed a securities class action individually and on behalf of others who "purchased or otherwise acquired Sona securities" during the same time period as alleged in Alperstein's complaint. Powers Compl. ¶ 1, ECF No. 1. Notice of this lawsuit was published on December 17, 2020 in PRNewswire. Decl. of Ivy T. Ngo ("Ngo Decl.") ¶ 3, Ex. E. Both complaints assert claims under Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated by the SEC. Alperstein Compl. ¶¶ 34, 47; Powers Compl. ¶¶ 34, 47.

Currently before the Court are three motions for appointment as lead plaintiff and approval of lead counsel: (1) a motion filed by Steven Schulze to be appointed as lead plaintiff and Robbins LLP to be approved as lead counsel (ECF No. 23); (2) a motion filed by Meridian Media Ventures Inc. ("Meridian") to be appointed as lead plaintiff and Roche Freedman LLP[1] to be approved as lead counsel (ECF No. 27); and a motion by Vatter Investment Partners and Slice of Pie, LLC to be appointed as co-lead plaintiffs and Pomerantz LLP to be approved as lead counsel (ECF No. 31).[2] Additionally, each movant and the defendants have filed motions for consolidation and no party opposes consolidation. ECF Nos. 17, 23, 27, 31. Defendants also move for an extension of the

---

[1] Roche Cyrulnik Freedman LLP changed its name to Roche Freedman LLP after filing this motion and will be referred to as "Roche Freedman LLP" throughout this order. *See* Not. of Non-Opp'n 1, n. 2.

[2] The text in ECF No. 19 states Movant Kevin Schulze also filed a motion to be appointed as lead plaintiff and have the Rosen Law Firm, P.A. be approved as lead counsel, but the motion states that it is in fact Steve Schulze that is filing this motion. This discrepancy does not concern the Court because the Movant filed a notice of withdrawal of the motion. ECF Nos. 19, 35. Therefore, the Court will not review this motion.

deadline to respond to the complaint until after the Court determines whether to consolidate the cases and appoint a lead plaintiff. Defs.' Mot. 3, ECF No. 17.

Only movant Meridian Media Ventures Inc. ("Meridian") filed an opposition to the other movants' motions. Opp'n, ECF No. 40. On March 9, 2021, Meridian filed a notice informing the Court that no other movant had opposed any of the other motions filed in this case. Notice of Non-Opp'n, ECF No. 41.

For the following reasons, the Court **GRANTS** Meridian's motion and Defendants' motion and **DENIES** motions filed by other movants.

## I. BACKGROUND

The following are allegations as set forth in the Alperstein complaint. Defendant Sona Nanotech Inc. ("Sona") is a company "engaged in researching and developing gold nanorod products for diagnostic test and medical treatment applications." Alperstein Compl. ¶ 7. Defendant David Regan served as Sona's CEO during the Class Period and Defendant Robert Randall served as Sona's CFO during the Class Period. *Id*. at ¶¶ 8, 9. Sona issued a press release on July 2, 2020 that contained allegedly "materially false and/or misleading" statements about the "positive results of its rapid detection COVID-19 antigen test and its development plan." *Id*. at ¶¶ 15, 16. Sona then issued another press release on August 6, 2020 stating there would be a "delay in results" which resulted in Sona shares falling "$3.09 per share, or over 34%, to close at $5.91 per share on August 6, 2020." *Id*. at ¶¶ 17, 18. Sona again issued a press release on October 29, 2020 "announcing that the FDA deprioritized its EUA review of Sona's COVID-19 antigen test" which resulted in Sona shares falling "$2.77 per share, or over 48%, to close at $3.00 per share on October 29, 2020." *Id*. at ¶¶ 19, 20. Finally, Sona issued a press release on November 25, 2020 "announcing that it withdrew its application of IO authorization from Health Canada for its COVID-19 antigen test" which resulted in Sona shares falling "$1.56 per share, or over 67%, to close at $0.74 per share on November 25, 2020." *Id*. at ¶¶ 21, 22.

## II. CONSOLIDATION

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted). The Private Securities Litigation Reform Act ("PSLRA") contemplates that the Court may consolidate "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter" and requires that the Court determine whether to consolidate the cases before appointing a lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation of these two cases is appropriate. Both complaints name the same defendants. Alperstein Compl. ¶¶ 7-9; Powers Compl. ¶¶ 7-9. Both complaints rely on the press releases Sona issued on July 2, 2020; August 6, 2020; October 29, 2020; and November 25, 2020 to support the allegations that Defendants published false and misleading statements that impacted Sona stock prices. Alperstein Compl. ¶¶ 15-23; Powers Compl. ¶¶ 15-23. Both complaints allege that Defendants violated Section 10(b) and 20(a) of the Exchange Act as well as Rule 10b-5 promulgated by the SEC. Alperstein Compl. ¶¶ 33-47; Powers Compl. ¶¶ 33-47. All parties agree that the cases should be consolidated. *See* ECF Nos. 17, 23, 27, 31.

The Court therefore consolidates the cases. *See Garcia v. Banc of California, Inc.*, No. SACV 17-00118 AG (DFMx), 2017 WL 5641123, at *1 (C.D. Cal. May 1, 2017) (consolidating two putative securities class actions that had "the same or similar defendants," the same allegations, and parties that agreed the cases should be consolidated).

## III. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") applies "in each private action arising under [15 U.S.C. § 78] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It states that "the court shall consider" motions made by purported class members and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

First, the first plaintiff to file an action must post a notice "publicizing the pendency of the action, the claims made and the purported class period." *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(A)). The notice must also state that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The plaintiff must publish the notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the Court must select the "most adequate plaintiff" by determining which plaintiff "has the largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb)(cc). The Fed. R. Civ. P. 23 requirements to be analyzed are the "typicality and adequacy" requirements. *In re Cavanaugh*, 306 F.3d at 730 (internal quotations omitted). Third, other plaintiffs must have the "opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

### A. Publication

The PSLRA requires the plaintiff to publish a notice "in a widely circulated national business-oriented publication or wire service" within twenty days of the filing

of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must advise "members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, [] the purported class period" and that class members have "60 days after the date on which the notice is published" to "move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(I)(II). Here, Alperstein filed his complaint on December 17, 2020 and his law firm provided a notice to PRNewswire that same day. Alperstein Compl.; Ngo Decl. ¶ 3, Ex. E. The notice explains the statements giving rise to the claims of federal securities law violations, the class period, and that potential lead plaintiffs "must move the Court **no later than February 16, 2021.**" *Id*. (emphasis in original). The notice is proper under the PSLRA.

### B. Presumptively Most Adequate Plaintiff

The PSLRA states that the "most adequate plaintiff" is presumptively "the person or group of persons that . . . has either filed the complaint or made a motion in response to a notice" and "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa)(bb). The "most adequate plaintiff" must also satisfy the "typicality and adequacy" requirements of Fed. R. Civ. P. 23. *In re Cavanaugh*, 306 F.3d at 730 (internal quotations omitted); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).

Here, Meridian filed a motion on February 16, 2021 which is under sixty days from the publication of the notice. *See* Meridian Mot. for Consolidation of Related Actions, Appointment of Meridian Media Ventures Inc. as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Meridian Mot."). Meridian also has submitted a shareholder certification and a loss chart showing Meridian sustained $316,476 in losses. Ngo Decl. ¶¶ 3, Ex. A, B. Movant Steven Schulze submitted evidence showing only $130,081.46 in losses and Movants Vatter Investment Partners and Slice of Pie, LLC submitted evidence showing only $154,068 in losses.[3] Decl. of Gregory E. Del

---

[3] Vatter Investment Partners and Slice of Pie, LLC also submitted that their losses under a FIFO calculation are $149,795 which is still a smaller amount of loss than Meridian.

Gaizo ("Del Gaizo Decl."), Ex. B, C; Decl. of Jennifer Pafiti ("Pafiti Decl.") ¶ 2, Ex. A, C. Meridian suffered the greatest financial loss.

The Court next analyzes whether Meridian meets the "typicality and adequacy" requirement. *In re Cavanaugh*, 306 F.3d at 730 (internal quotations omitted). The typicality requirement addresses whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *McGee v. Am. Oriental Bioengineering, Inc.*, No. 2:12-CV-5476-SVW-SH, 2012 WL 12895668, at *5 (C.D. Cal. Oct. 16, 2012) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citations and quotation marks omitted)). "In cases arising under the PSLRA, courts have found the typicality requirement satisfied when the lead plaintiff's alleged injuries arise from 'the same course of conduct complained of by the other plaintiffs and his causes of actions are founded on similar legal theories.'" *McGee*, 2012 WL 12895668, at *5 (quoting *Schonfield v. Dendreon Corp.*, No. C-07-800-MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007)).

Here, Meridian "acquired Sona securities during the Class Period," alleges that the prices were "artificially inflated by Defendants' materially false and misleading statements," and alleges that they were damaged by these statements. Meridian Mem. of P. & A. 7, 8; *see also* Ngo Decl. ¶ 3, Ex. A. Meridian meets the typicality requirement.

"The adequacy review 'serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Yanek v. Staar Surgical Co.*, No. CV04-8007SJO (CWx), 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (quoting *Newby v. Enron Corp. (In re Enron Corp., Securities Litigation)*, 206 F.R.D. 427, 441 (S.D.Tex.2002) (citations omitted)). A movant's adequacy also depends on whether the proposed lead counsel "is qualified and competent," whether the movant's "interests are [] antagonistic to the interests of absent class members," and whether the movant

7

has "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek*, 2004 WL 5574358, at *6, *7.

Here, there are no apparent conflicts between Meridian and unnamed class members and no reason to think that Meridian's interests are antagonistic to the interests of other class members based on the record before the Court. Meridian has also suffered the greatest loss of any movants, thus making Meridian "motivated to pursue the claims in this action." *Yanek*, 2004 WL 5574358, at *7. As discussed further below, Meridian's counsel is qualified and competent based on the submitted firm resume and its experience as lead counsel in other securities fraud class actions. Ngo Decl. ¶ 3, Ex. D; Meridian Mem. of P. & A. 9, 10. Meridian has satisfied the adequacy requirement.

### C. Whether Other Potential Lead Plaintiffs Rebut The Presumption of Meridian as Most Adequate Plaintiff

The third step in appointing a lead plaintiff is to allow other potential lead plaintiffs "the opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *McGee*, 2012 WL 12895668, at *2 (citations omitted). No other movant has done so because no other movant has filed any opposition to any of the other motions filed in this case.[4]

Based on the above, Meridian is appointed as lead plaintiff.

### III. APPROVAL OF LEAD COUNSEL

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Meridian selected Roche Freedman LLP to be lead counsel. Mem. of P. & A. 9, 10. Roche Freedman LLP has experience in securities fraud class actions and

---

[4] The movants who have not filed any oppositions have abandoned their motions. *See In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG, 2018 WL 4860188, at *1, n. 2 (N.D. Cal. May 23, 2018) (finding that a plaintiff abandoned his motion because he did not file any opposition to other parties' motions and he did not "suffer[] greater losses" than the other parties).

other class actions. *Id.*; Ngo Decl. ¶ 3, Ex. D. 5. Meridian made a "reasonable choice of counsel" and this Court will "defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

Roche Freedman LLP is approved as lead counsel.

## IV. CONCLUSION

Meridian's motion and Defendants' motion is **GRANTED**. All other motions are **DENIED**. The Court orders the following:

(1) Pursuant to Fed. R. Civ. P. 42(a), *Kevin Alperstein v. Sona Nanotech Inc., et al.*, No. 2:20-cv-11405-MCS-MAA, and *Lynn Powers v. Sona Nanotech Inc., et al.*, No. 2:21-cv-00169-MCS-MAA, are consolidated and should be captioned as:

| | |
|---|---|
| In re SONA NANOTECH INC. SECURITIES LITIGATION | Master File No. 2:20-cv-11405 MCS (MAAx) <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS | |

(2) The file in Case No. 2:20-cv-11405 shall constitute the master file for every action in the consolidated action. The Clerk shall administratively close the other action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document

9

Relates To:". When a pleading applies to some, but not all, of the action, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

(3) All securities class actions on behalf of purchasers of Sona Nanotech Inc. securities arising out of the events detailed in this Order that are subsequently filed in, or transferred to, this District shall be consolidated into this Action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the action is consolidated into this action. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently filed or transferred related action.

(4) Meridian Media Ventures Inc. ("Meridian") is appointed as the lead plaintiff and Roche Freedman LLP is approved as lead counsel.

(5) Defendants and Meridian are ordered to meet and confer and, within seven days of entry of this order, submit by joint stipulation a proposed schedule for the pre-answer phase of the litigation. Defendants' deadline to respond to the current complaint is continued and a deadline for a response shall be specified in the joint stipulation.

**IT IS SO ORDERED.**

Dated: March 16, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE